Dear Mayor Beckwith:
You have presented the following question to this office for our review and response: is it within the legal authority of the Mayor of Tallulah to withhold the issuance of keys to municipal buildings to the members of the Tallulah City Council?
In the facts related in your letter and by phone conversation, you advise that you are principally concerned about unauthorized access to the municipal community center and equipment. Certain council members have requested that you give them keys to the municipal community center, and have also discussed the adoption of an ordinance granting keys to those individuals and groups which lease the community center for events.
You strongly object to this scenario, and instead advise that you plan to entrust the security of all municipal buildings, including access to the community center, to one municipal employee designated as caretaker of all city buildings. The buildings caretaker would have keys to all municipal buildings, would open and close the community center for events, and would grant access to municipal buildings to authorized persons during non-working hours. Your stated goal is to safeguard the equipment in the community center, and to generally strengthen the security of all municipal buildings, by limiting the number of keys in existence which might inadvertently fall into the hands of unauthorized users.
We first note that the City of Tallulah is a Lawrason Act municipality, governed by the provisions of La.R.S. 33:321, etseq. The Lawrason Act designates the mayor as "the chief executive officer of the municipality." See La.R.S. 33:362(B). The mayor's powers, duties and responsibilities are set forth in La.R.S. 33:404(A)(1), which provides: *Page 2 
 A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
La.R.S. 33:404(A)(1) requires the mayor to exercise his powers "in conformity with ordinances adopted by the board of aldermen," and the statute goes on to provide "no such ordinance may limit the authority granted to the mayor by this Paragraph". The question becomes: would a municipal ordinance granting keys to all council members, and to those who lease the community center, impermissibly infringe upon the statutory authority of the mayor to operate "all municipal departments, offices, and agencies"?
Explaining the authority granted the mayor by La.R.S. 33:404(A)(1), a state appellate court has observed "the mayor, as chief executive officer, is intended to have the day-to-day charge of administering municipal government." SeeBourgere v. Anzelmo,517 So.2d 1121 (La. App. 5th Cir. 1988), at 1124. In reliance on the reasoning expressed in Bourgere, this office advised the Mayor of Lockport[1] that he "may regulate access to the town hall by restricting admission to the building to working hours without interference by the aldermen. This would obviouslyinclude restricting distribution of keys to the building." See
La. Atty. Gen. Op. 92-833, copy attached. This office also advised the Mayor of Lockport that "the power of the board of aldermen to legislate does not extend to infringing upon an area reserved to the Mayor, and any such ordinance would be invalid." Id.
Based upon the reasoning expressed in Bourgere and in Opinion 92-833, it is the opinion of this office that decisions regarding municipal building security fall within your authority as administrative head of the City of Tallulah. While you advise no dispute exists between your office and the City's elected chief of police, and that the chief retains keys to the police department, we would here point out that an exception to your administrative authority exists with respect to the elected chief of police. La.R.S. 33:404(A)(1) grants you as mayor administrative authority over municipal departments "other than a police department with an elected chief of police." In our opinion, you could not refuse *Page 3 
the chief a key to the municipal building housing the police department. Because an elected chief of police has "the power to supervise the operation of the police department and assign its personnel and equipment," it is our opinion that the chief has final authority over those decisions regarding the security of the police department. See Cogswell v. Town of Logansport,321 So.2d 774, 779 (La. App. 2d Cir. 1975).
As Mayor of the City of Tallulah, you are the chief executive officer, in charge of the day-to-day administration of the municipality. As administrative head, you are authorized to make decisions regarding the security of municipal buildings. You have the authority to decide which persons or groups may be given keys to the community center and all other municipal buildings, and in doing so you may legally withhold the issuance of keys to city councilmen. An ordinance adopted contrary to your decision regarding the distribution of keys to municipal buildings would infringe upon an administrative area reserved to you as Mayor, and would be invalid under La.R.S. 33:404(A)(1).
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] The Town of Lockport is also governed by the provisions of the Lawrason Act.